IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DINESH SAH, | § | |
| #08626-509, | § | |
| Movant, | § | |
| | § | No. 3:22-cv-01688-S (BT) |
| v. | § | No. 3:20-cr-00484-S-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Dinesh Sah, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Sah's § 2255 motion.

**Background**

In the early days of the COVID-19 pandemic, Sah operated a fraudulent scheme to obtain forgivable loans under the Paycheck Protection Program (PPP). Sah submitted PPP loan applications to multiple lenders under the names of various purported small businesses he owned or controlled. He misrepresented the number of employees and the amount of payroll expenses these purported businesses had and submitted fraudulent documentation in support of his applications, including false federal tax

documents and bank statements. Sah received more than $17 million in PPP funds and used the money to purchase real property and luxury vehicles.

A federal grand jury indicted Sah on three counts of wire fraud, three counts of bank fraud, and money laundering. He eventually pleaded guilty, pursuant to a plea agreement, to a single count of wire fraud, in violation of 18 U.S.C. § 1343 (count one), and a single count of money laundering, in violation of 18 U.S.C. § 1957 (count seven).

The Presentence Report (PSR) calculated Sah's base offense level as 7 and added 20 levels because Sah intended to cause a loss of more than $24 million (but less than $25 million). The PSR also added 2 levels because Sah's offense involved at least 10 victims, *see* U.S.S.G. § 2B1.1(a)(2)(A)(i); 2 levels because Sah used sophisticated means to further his fraudulent scheme, § 2B1.1(b)(10)(C); 2 levels because Sah used the means of identification of five individuals to further his scheme, *see* § 2B1.1(b)(11)(C)(i); 2 levels because Sah's offense derived more than $1 million in gross receipts from one or more financial institutions, *see* § 2B1.1(b)(17)(a); and one level because Sah was convicted under 18 U.S.C. § 1957, *see* § 2S1.1(b)(2)(A). The PSR granted Sah a 3-level reduction for accepting responsibility, and calculated his total offense level as 33, which resulted in a guideline range of 135 to 168 months' imprisonment. However, Sah's trial counsel successfully objected to the 2-level increase, U.S.S.G. §

2B1.1(b)(17)(a), which resulted in a recalculated guideline range of 108 to 135 months' imprisonment.

Characterizing Sah's scheme as "extreme and outrageous," the District Court sentenced him to a 135-month term of imprisonment and ordered him to pay $17,284,649.79 in restitution. Sah appealed his conviction and sentence to the Fifth Circuit Court of Appeals.

Sah's appellate attorney moved for leave to withdraw and filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issues for appellate review and dismissed the appeal. *United States v. Sah*, 2022 WL 671459 (5th Cir. Mar. 7, 2022) (per curiam).

Thereafter, Sah filed a § 2255 motion (CV ECF No. 1)[1] and an amended motion (CV ECF No. 4), in which he generally argues:

- Both his trial attorney and appellate attorney provided ineffective assistance of counsel when they failed to object to the application of certain enhancements to his offense level and failed to raise a vindictive prosecution claim (claims 1 and 3);

- The prosecutors engaged in a "vindictive prosecution," (CV ECF No. 4 at 22) (claim 2); and

_____

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:20-cr-484-S-1, and "CV ECF" refers to this civil action, case number 3:22-cv-1688-S-BT.

- His due process rights under the Fifth, Sixth, and Fourteenth Amendments were violated (claim 4).

More specifically, Sah argues that his trial attorney provided deficient performance by failing to attack the calculation of his advisory guideline range and raise his vindictive prosecution claim. Sah argues that his appellate attorney should have raised the same and additional challenges on direct appeal. The Government responds that any attack on the advisory guideline range would have been frivolous and that Sah's vindictive prosecution claim fails on the merits. The Government further contends that Sah cannot show that his appellate attorney provided deficient performance because Sah waived his right to appeal as part of his plea agreement, and his claim that the Government engaged in a vindictive prosecution is waived, procedurally barred, and meritless. The Government concludes that Sah's § 2255 motion should be denied. Sah filed a reply, and the motion is ripe for determination.

## Legal Standards and Analysis

### Ineffective Assistance of Counsel

In two claims, Sah argues his trial attorney and appellate attorney provided ineffective assistance of counsel when they failed to object to the to the application of certain enhancements to his offense level and failed to raise a vindictive prosecution claim. Am. Mot. 7, 11, 19-21, 26 (CV ECF No. 4); *see also* Reply 2-3 (CV ECF No. 21).

To prevail on a claim of ineffective assistance of counsel, Sah must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689).

A defendant also is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *see also McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) ("It has long been recognized that

the right to counsel is the right to the effective assistance of counsel."). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington. Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard[.]"). An appellate attorney need not advance every frivolous argument urged by the movant. *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994) (a federal habeas petitioner's claim of ineffective assistance by appellate counsel failed to satisfy the prejudice prong of *Strickland* where the omitted grounds for relief on appeal were meritless).

Under the prejudice prong of *Strickland*, appellate counsel, like trial counsel, is "presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013) (internal quotation marks omitted). When an ineffective assistance of appellate counsel claim is based on the failure to raise an issue on direct appeal, the prejudice prong under *Strickland* requires the movant to demonstrate the appellate court would have granted relief if the issue had been raised. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

A.    Sah's claims that his trial attorney provided ineffective assistance of counsel fail under *Strickland.*

     1.    The sophisticated-means enhancement under U.S.S.G. § 2B1.1(b)(10)(C)

The PSR concluded that Sah created and registered several "shell" companies, opened bank accounts in the name of those companies, and created fictitious documents, such as IRS tax forms and bank statements, and the lenders relied upon these fraudulent documents to approve the PPP loan applications. (Final PSR ¶ 50); *see also* (CR ECF No. 57) (adopting the Final PSR without change except for sustaining Sah's objection to the two-level enhancement under U.S.S.G. § 2B1.1(b)(17)(A)). The PSR further found that creating shell companies and/or filing documents that reflect the creation of these companies, opening related bank accounts, and creating documents that appeared authentic constitutes complex or intricate offense conduct related to the execution or concealment of the offense. (Final PSR ¶ 50.) Thus, the PSR recommended a two-level enhancement under § 2B1.1(b)(10)(C) was appropriate because Sah's offense conduct involved sophisticated means. (Final PSR ¶ 50.)

Sah concedes that he submitted fraudulent IRS tax forms and "digitally modified" bank statements in furtherance of his fraud, but he argues that his conduct fails to warrant an enhancement under U.S.S.G. § 2B1.1(b)(10)(C). Am. Mot. 19-21 (CV ECF No. 4); *see also* Reply 6 (CV ECF No. 21). He contends that he did not employ "sophisticated" means because

he only used "generally available" forms. Am. Mot. 19 (CV ECF No. 4); *see also* Reply 6 (CV ECF No. 21).

"[T]he Guidelines provide for a two-level increase [under § 2B1.1(b)(10)(C)] if 'the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.'" *United States v. Miller*, 906 F.3d 373, 380 (5th Cir. 2018) (quoting U.S.S.G. § 2B1.1(b)(10)(C)). "Sophisticated means" refers to an "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." *Id.* (quoting U.S.S.G. § 2B1.1(b)(10)(C) cmt. n. 9(B)). In the Fifth Circuit, "[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts [ ] ordinarily indicates sophisticated means." *Id.* (quoting U.S.S.G. § 2B1.1(b)(10)(C) cmt. n.9(B)). The Fifth Circuit has upheld the application of a two-level increase for the use of "sophisticated means" where there was a method used that made it more difficult for the offense to be detected, even if the method itself was not particularly sophisticated. *United States v. Valdez*, 726 F.3d 684, 695 (5th Cir.2013).

Here, Sah created and registered "shell" entities or companies, opened bank accounts in the name of these companies, and created fictitious documents that the lenders relied upon to approve the PPP loan applications. (Final PSR ¶ 50.) Sah's offense conduct was much more than

the "open and transparent direct deposit and movement of funds," *Valdez, 726 F.3d at 695*. Rather, Sah's offense conduct is akin to a defendant who "attempted to avoid detection and to conceal the fraudulent nature of the transactions at issue" and "attempted to legitimize the proceeds distributed to him through his company[.]" *United States v. Malfitano*, 690 F. App'x 218, 219 (5th Cir.2017) (per curiam); *see also United States v. Faulkner*, 598 F. App'x 301 (5th Cir.2015) (per curiam) (affirming the application of an enhancement under § 2B1.1(b)(10)(C) where the defendant "created fictitious room revenue credits using the house account and issued these refunds to her personal accounts"). Thus, the Court properly applied the enhancement under § 2B1.1(b)(10)(C), and any objection to the application of the sophisticated means enhancement would have been a frivolous argument. An attorney's failure to raise a meritless argument cannot support an ineffective assistance of counsel claim. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel cannot be found deficient for failing to press a frivolous argument); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make frivolous arguments).

For these reasons, Sah has failed to show deficient performance and prejudice. His claim fails under both prongs of the *Strickland* standard, and it should be denied.

2. Enhancements under U.S.S.G. §§ 2B1.1(a)(2)(A)(i) & (b)(11)(C)(i)

The PSR determined that each of the five lenders who funded the PPP loans to Sah was a victim. (Final PSR ¶ 50.) The PSR further found that the five individuals whose identifications Sah used to apply for the PPP loans were also victims. (Final PSR ¶ 50.) Thus, the PSR concluded that the Court should apply a two-level enhancement under § 2B1.1(a)(2)(A)(i) because the offense involved ten victims. (Final PSR ¶ 50.) The PSR also found that Sah unlawfully used and transferred five individuals' identification to produce or obtain another means of identification, specifically loan numbers applicable to each loan. (Final PSR ¶ 50.) The PSR concluded that Sah derived more than $1,000,000 in gross receipts from one or more financial institutions, which warranted a two-level enhancement under § 2B1.1(b)(11)(C)(i). (Final PSR ¶ 50.) Sah does not dispute the facts underlying the two enhancements. Rather, he claims that applying §§ 2B1.1(a)(2)(A)(i) and 2B1.1(b)(11)(C)(i) amounted to "double counting." Am. Mot. 21 (CV ECF No. 4).

Section 2B1.1(a)(2)(A)(i) adds two levels and applies "where there are more than 10 victims." U.S.S.G. § 2B1.1(a)(2)(A)(i); *see also United States v. Rodriquez*, 801 F. App'x 278, 283 (5th Cir. 2020) (per curiam); *United States v. Anderson*, 558 F. App'x 454, 457 (5th Cir. 2014) (per curiam). The term "victim" for purposes of § 2B1.1(a)(2)(A)(i) refers to "any individual whose means of identification was used unlawfully or without authority." *United States v. Biyiklioglu*, 716 F. App'x 270, 272 (5th Cir. 2017) (quoting

U.S.S.G. § 2B1.1 cmt. 4(E)); *see also United States v. Ramirez*, 979 F.3d 276, 282 (5th Cir. 2020).

Section 2B1.1(b)(11)(C)(i) adds a two-level enhancement if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." *United States v. Moparty*, 11 F.4th 280, 300 (5th Cir. 2021) (quoting U.S.S.G. § 2B1.1(b)(11)(C)(i)); *see also United States v. Suchowolski*, 838 F.3d 530, 531 (5th Cir. 2016). The term "[m]eans of identification" has the meaning given to it in 18 U.S.C. § 1028(d)(7), but such means of identification shall be of an actual, not a fictitious, individual, other than the defendant or a person for whose conduct the defendant is held accountable under U.S.S.G. § 1B1.3. *Suchowolski*, 838 F.3d at 532 (quoting U.S.S.G. § 2B1.1 cmt. n.1); *see also* 18 U.S.C. § 1028(d)(7) (the term "means of identification" refers to any name or number that can be used, alone or in along with any other information, to identify a specific individual, such as a social security number).

Sah's argument that the District Court erred by enhancing his sentence under §§ 2B1.1(a)(2)(A)(i) and 2B1.1(b)(11)(C)(i) lacks merit for at least two reasons. First, the enhancements under §§ 2B1.1(a)(2)(A)(i) and 2B1.1(b)(11)(C)(i) are not duplicative because each enhancement applies to a different aspect of the same offense conduct. Thus, there is no double counting because §§ 2B1.1(a)(2)(A)(i) and 2B1.1(b)(11)(C)(i) were both applied. Second, even if Sah was correct that the application of §§

2B1.1(a)(2)(A)(i) and 2B1.1(b)(11)(C)(i) to his sentence amounted to double counting, "such double-counting would be permissible under the Guidelines." *United States v. Jones*, 145 F.3d 736, 737 (5th Cir. 1998). Double counting is only prohibited under the guidelines when the specific guidelines at issue forbid it. *See United States v. Mendoza-Gomez*, 69 F.4th 273, 275 n.1 (5th Cir. 2023) ("The Fifth Circuit has held that 'double counting is prohibited only if the particular guidelines at issue specifically prohibit it.'") (quoting *United States v. Johnson*, 990 F.3d 392, 403 (5th Cir. 2021)). The guidelines at issue here, U.S.S.G. §§ 2B1.1(a)(2)(A)(i) and 2B1.1(b)(11)(C)(i), do not prohibit double counting.

If Sah's attorney had objected to the application of §§ 2B1.1(a)(2)(A)(i) and 2B1.1(b)(11)(C)(i) based on double counting, it would have been a frivolous argument. And the failure to raise a meritless argument cannot support an ineffective assistance of counsel claim. *Kimler*, 167 F.3d at 893; *see also Sones*, 61 F.3d at 415 n.5; *Gibson*, 55 F.3d 173, at 179. For this reason, Sah has failed to show deficient performance and prejudice. His claim fails under both prongs of the *Strickland* standard, and it should be denied.

3. The wire fraud enhancement under U.S.S.G. § 2S1.1(b)(2)(A)

Under § 2S1.1(b)(2)(A), a court may enhance a defendant's sentence by one level if he was convicted of money laundering in violation of 18 U.S.C. § 1957. U.S.S.G. § 2S1.1(b)(2)(A); *see also United States v. Peralta-Castro,*

2019 WL 2343677, at *1 (S.D. Tex. June 3, 2019). But Sah argues that his trial attorney should have objected to the Court's application of the enhancement based on his wire fraud conviction. Am. Mot. 21-22 (CV ECF No. 4); *see also* Reply 7 (CV ECF No. 21). He contends that the application of § 2S1.1(b)(2)(A) amounted to "double counting of the offense charged." Am. Mot. 22 (CV ECF No. 4).

As discussed, double counting under the guidelines is only prohibited where the specific guidelines at issue forbid it. *Mendoza-Gomez*, 69 F.4th at 275; *Johnson*, 990 F.3d at 403; *see also United States v. Godfrey*, 25 F.3d 263, 264 (5th Cir. 1994) ("Double counting is impermissible only when the particular guidelines in question forbid it.") (citing *United States v. Gonzales*, 996 F.2d 88, 93-94 (5th Cir. 1993)). The guidelines expressly allow an enhancement for a defendant, like Sah, who was convicted under § 1957. U.S.S.G. § 2S1.1(b)(2)(A). Thus, the application of § 2S1.1(b)(2)(A) does not amount to impermissible double counting. *See United States v. Demarest*, 570 F.3d 1232, 1243 (11th Cir. 2009) (finding the base offense level did not distinguish between the various money-laundering statutes but enhancements such as § 2S1.1(b)(2)(A) do).

If Sah's attorney had objected to the application of § 2S1.1(b)(2)(A) based on double counting, it would have been a frivolous argument. And the failure to raise a meritless argument cannot support an ineffective assistance of counsel claim. *Kimler*, 167 F.3d at 893; *see also Sones*, 61 F.3d at 415 n.5;

*Gibson*, 55 F.3d 173, at 179. For this reason, Sah has failed to show deficient performance and prejudice. His claim fails under both prongs of the *Strickland* standard, and it should be denied.

4. Vindictive prosecution claim

Sah contends that the Government vindictively punished him for exercising his right to plead guilty, and he argues that his trial attorney provided ineffective assistance of counsel by failing to raise the issue. Am. Mot 22-24, 26 (CV ECF No. 4); *see also* Reply 3 (CV ECF No. 21). He also claims that his attorney's failure to raise a vindictive prosecution claim violated his Fifth, Sixth, and Fourteenth Amendment rights. Am. Mot. 26 (CV ECF No. 4).

Generally, there are two ways a defendant can prove a claim of prosecutorial vindictiveness: (1) he must prove actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish him for asserting his legal rights; and (2) in certain cases, he may demonstrate sufficient facts to lead to a presumption of vindictiveness. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). A prosecutor may "prosecute with earnestness and vigor," but he must "refrain from improper methods calculated to produce a wrongful conviction." *United States v. Young*, 470 U.S. 1, 7 (1985) (internal quotation marks omitted). A court reviews a claim of prosecutorial misconduct, when alleged in a habeas corpus proceeding, to determine whether it "so infected the trial with

unfairness as to make the resulting [conviction] a denial of due process."
*Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996)). "[T]he Due Process Clause does not afford relief where the challenged evidence was not the principal focus at trial[,] and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011) (internal quotation marks omitted). "Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). Due process is only violated when the alleged conduct deprived the movant of his right to a fair trial. *See Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). A trial is deemed fundamentally unfair only when there is a reasonable probability that the verdict might have been different had the trial been conducted properly. *Id.* Only in the most egregious situations will a prosecutor's improper conduct violate a defendant's constitutional rights. *See Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987).

Sah argues that the Court should apply a presumption of vindictiveness, Am. Mot. 23 at (CV ECF No. 4), but his argument lacks merit. "The presumption of vindictiveness is a prophylactic rule designed to protect a defendant's due process rights where a danger exists that the

[G]overnment might retaliate against him for exercising a legal right."
*Saltzman,* 537 F.3d at 359; *see also United States v. Shults,* 2018 WL
5046427, at *2 (N.D. Tex. Sept. 20, 2018). And there is no presumption of
vindictiveness when the context of the entire proceedings indicates to a
reasonably minded defendant that the prosecutor's decision was motivated
by a purpose other than a vindictive desire. *Saltzman,* 537 F.3d at 360
(quoting *United States v. Wells,* 262 F.3d 455 466–67 (5th Cir. 2001)). Sah's
argument fails because has not come forward with any evidence showing the
Government sought to punish him more harshly because he pleaded guilty.
When Sah pleaded guilty rather than going to trial, he saved the Government
the time and expense associated with conducting a trial. *See United States
v. Goodwin,* 457 U.S. 368, 378-80 (1982). Sah does not offer a theory to
explain why the Government would punish him for saving it the time and
expense associated with conducting a trial. Moreover, any reasonably
minded person would recognize that the Government argued in favor of Sah
receiving several sentencing enhancements because the facts of his case
warranted the application of those enhancements, not to be vindictive. For
these reasons, the record fails to demonstrate that a presumption of
vindictiveness should be applied. *See Saltzman,* 537 F.3d at 360; *see also
Shults,* 2018 WL 5046427, at *2.

Sah has also failed to show actual vindictiveness. To demonstrate
actual vindictiveness, Sah must present objective evidence that the

prosecutor's actions were designed to punish him for asserting his legal rights. *Saltzman*, 537 F.3d at 359. "[A]ctual vindictiveness requires direct evidence, such as a statement by the prosecutor, which is available only in a rare case." *United States v. Johnson*, 221 F.3d 83, 94 (2d Cir. 2000) (internal quotation marks omitted); *see also Saltzman*, 537 F.3d at 359 (recognizing actual vindictiveness requires a showing of "objective evidence"). Sah fails to point to any objective record evidence demonstrating vindictiveness, and this is fatal to his actual vindictiveness claim. Sah suggests that the Government had a vindictive motive when it moved for pretrial detention, sought the forfeiture of his property, and advocated for the sentence enhancements imposed. However, Sah is mistaken because he was prosecuted by the Government for an extensive fraudulent scheme involving "extreme conduct," (CR ECF No. 72 at 41), with a total intended loss of almost $25 million and an actual loss of over $17 million. (Final PSR ¶ 37.) There is no objective evidence to support Sah's vindictive prosecution claim, and the Court should deny it.

If Sah's attorney had raised a vindictive prosecution claim, it would have been a frivolous argument. And the failure to raise a meritless argument cannot support an ineffective assistance of counsel claim. *Kimler*, 167 F.3d at 893; *see also Sones*, 61 F.3d at 415 n.5; *Gibson*, 55 F.3d 173, at 179. For this reason, Sah has failed to show deficient performance and

prejudice. His claim fails under both prongs of the *Strickland* standard, and it should be denied.

B.    Sah's claims that his appellate attorney provided ineffective assistance of counsel fail under *Strickland*.

Sah claims that his appellate attorney provided ineffective assistance of counsel when he failed to address on appeal the application of enhancements under U.S.S.G. §§ 2B1.1(b)(10)(C), (a)(2)(A)(i), (b)(11)(C)(i), and § 2S1.1(b)(2)(A), and his vindictive prosecution claim. Am. Mot. 11, 26 (CV ECF No. 4); *see also* Reply 2-3 (CV ECF No. 21).

This claim fails because Sah waived his right to file a direct appeal. (CR ECF No. 30 at 13-14.) Sah's argument that his appellate attorney failed to raise the claims addressing error related to the sentencing guidelines and his vindictive prosecution claim would have been summarily dismissed due to the waiver in his plea agreement. *See Hatfield v. United States*, 2022 WL 17167990, at *2 (N.D. Tex. Oct. 27, 2022) (finding the movant's ineffective assistance of appellate counsel claim was waived by the appellate waiver provision in his plea agreement) (citing *Smith*, 528 U.S. at 285), *rec. adopted*, 2022 WL 17168374 (N.D. Tex. Nov. 21, 2022). Therefore, Sah cannot demonstrate that those arguments were nonfrivolous. Specifically, Sah's appellate attorney correctly determined that there were no non-frivolous issues to present to the Fifth Circuit. *See Smith*, 528 U.S. at 285 (when a petitioner argues his appellate attorney erred by failing to file a

merits brief on appeal, he can satisfy the *Strickland* test by showing a reasonably competent attorney could have found at least one of his claims presented a non-frivolous issue); *see also Hatfield*, 2022 WL 17167990, at *2 (citing *Smith*, 528 U.S. at 285).

If Sah's appellate attorney had addressed on appeal the application of U.S.S.G. §§ 2B1.1(b)(10)(C), (a)(2)(A)(i), (b)(11)(C)(i), and § 2S1.1(b)(2)(A), or his vindictive prosecution claim, those arguments would have been frivolous. And the failure to raise a meritless argument cannot support an ineffective assistance of counsel claim. *Kimler*, 167 F.3d at 893; *see also Sones*, 61 F.3d at 415 n.5; *Gibson*, 55 F.3d 173, at 179. For this reason, Sah has failed to show deficient performance and prejudice. His claim fails under both prongs of the *Strickland* standard, and it should be denied.

C.    Sah's vindictive prosecution claim is waived and meritless.

Sah argues in his second claim that the prosecution engaged in a "[v]indictive prosecution" that violated his Fifth, Sixth, and Fourteenth Amendment rights. Am. Mot. 22 (CV ECF No. 4). Sah contends that the prosecutors "vindictively" charged him with causing or intending to cause a monetary loss when no loss occurred because he had fourteen months before he had to begin repaying the loans. *Id.* at 23. Sah also contends that following his arrest, he was prevented from making any phone calls for several days. *Id.* at 24. Sah concludes that he is entitled to relief from the prosecution's

"overzealous, overreaching and vindictive prosecution that substantially prejudiced" him. *Id.* at 25.

This claim fails because Sah voluntarily pleaded guilty, and a knowing and voluntary guilty plea generally waives all non-jurisdictional defects relating to events preceding the guilty plea. *See United States v. Cothran,* 302 F.3d 279, 285-86 (5th Cir. 2002) (stating a guilty plea "waives claims of governmental misconduct during the investigation and improper motives for prosecution"); *United States v. Bentle,* 533 F. App'x 462, 463 (5th Cir. 2013) (per curiam) (stating a guilty plea waives a challenge to the voluntariness of a defendant's confession). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *see also United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000) (noting a voluntary guilty plea waiver includes all claims of ineffective assistance of counsel unless the ineffective assistance is alleged to have rendered the guilty plea involuntary); *Pena v. United States,* 2021 WL 2920616, at *3 (N.D. Tex. July 12, 2021) (same).

Additionally, Sah waived his right to bring this claim because his plea agreement included the following waiver provision:

> The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. *The defendant further waives his right to contest the conviction, sentence, fine*

> *and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.* The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 30 at 13-14) (emphasis added). Sah's claim that the prosecution engaged in a vindictive prosecution against him does not fall within any reservation of rights contained in the waiver provision. And courts generally enforce a collateral review waiver provision where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, the Fifth Circuit has recognized exceptions to this rule where a movant raises a claim of ineffective assistance of counsel, or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (per curiam).

In this case, there is no indication that Sah's waiver was not informed and voluntary. *See* Reply 4-5 (CV ECF No. 21) (claiming ignorance, incomprehension, and coercion invalidated the waiver of his constitutional rights). As part of his plea agreement, Sah acknowledged his guilty plea was

"freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." (CR ECF No. 30 at 13); *see also* Reply 4-5 (CV ECF No. 21) (claiming he was coerced into pleaded guilty). Sah also acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with [his] attorney and is fully satisfied with that attorney's legal representation . . . [he] has received from [his] attorney explanations satisfactory to [him] concerning each paragraph of this plea agreement, each of [his] rights affected by this agreement, and the alternatives available to [him] other than entering into this agreement." (CR ECF No. 30 at 14.) Sah conceded "that [he was] guilty, and after conferring with [his] attorney, [he] [ ] concluded that it [was] in [his] best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." *Id.* at 14-15. At his rearraignment hearing, the Court specifically noted that the plea agreement included a broad waiver of Sah's right to challenge his conviction and sentence in a collateral proceeding. (CR ECF No. 69 at 16-17.) Sah admitted under oath that he understood the right, and he was voluntarily waiving it. *Id.* at 17.

Finally, as discussed above, Sah's vindictive prosecution claim also fails on the merits. Thus, Sah's vindictive prosecution claim is waived and meritless. The Government also argues that Sah's vindictive prosecution

claim is procedurally barred. Because Sah's claim is waived and meritless, the Court should pretermit consideration of this additional argument.

D.   Sah's claim that his Due Process rights and rights under the Fifth, Sixth, and Fourteenth Amendments were violated are waived and meritless.

Last, Sah argues in his fourth claim that his first through third claims "showcase a violation of due process and possibly the class action fairness act in contradiction to the fifth, sixth and fourteenth amendments." Am. Mot. 27 (CV ECF No. 4); *see also* Reply 3-4 (CV ECF No. 21).

Sah's fourth claim fails for at least two reasons. First, Sah waived his right to bring this claim in the collateral review waiver provision contained in his plea agreement. *See* (CR ECF No. 30 at 13-14). Second, Sah's claim fails on the merits. Sah's first, second, and third claims each fail on the merits. Accordingly, Sah's fourth claim, which incorporates his first through third claims, fails because each of those claims are meritless.

Sah's fourth claim is waived and meritless. The Government also argues that Sah's fourth claim is procedurally barred. Because Sah's fourth claim is waived and meritless, the Court should pretermit consideration of this additional argument.

For these reasons, Sah's fourth claim should be denied.

## Conclusion

The District Court should DENY Sah's motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255.

23

Signed November 8, 2023.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).